UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**POLICE JURY OF CALCASIEU PARISH**          **CASE NO. 2:24-CV-00342**

**VERSUS**                                                              **JUDGE JAMES D. CAIN, JR.**

**INDIAN HARBOR INSURANCE CO ET AL**      **MAGISTRATE JUDGE DAVID J. AYO**

## MEMORANDUM ORDER TO CERTIFY QUESTIONS TO THE LOUISIANA SUPREME COURT

Before the Court is a Motion to Certify Question to the Louisiana Supreme Court (Doc. 15) filed by Plaintiff, Calcasieu Parish Police Jury ("Calcasieu"). Plaintiff asserts Defendants' Motion to Compel Arbitration,[1] which is currently pending before this Court presents critically important questions of Louisiana law that should be answered by the Louisiana Supreme Court. Defendants oppose the certification.

## BACKGROUND

On August 27, 2020, Hurricane Laura made landfall near Lake Charles, Louisiana and on October 9, 2020, Hurricane Delta made landfall near Lake Charles, Louisiana.[2] The Hurricanes allegedly caused damage to Calcasieu's numerous properties.[3] Calcasieu is a public body. During the relevant time period, a syndicate of insurers, through separate contracts, insured approximately 300 locations in Calcasieu Parish, with a named windstorm limit of $100,000,000 per occurrence (hereinafter referred to as the "policy").[4]

---

[1] Doc. 2.
[2] Civil Action 2:23-20, Doc. 1-2, ¶ 3.
[3] *Id.*
[4] Doc. 1-3, pp. 12-15, 22, Contract Allocation Endorsement and Declaration Page.

The policy provides that each insurer in the syndicate has its own separate contract with Calcasieu and each insurer is separately responsible, and never jointly responsible with any other insurer in the syndicate.[5]

Calcasieu alleges that the insurers have underpaid its claims and made untimely payments, thus, they are liable for the unpaid claims and penalties pursuant to Louisiana Revised Statutes §§ 22:1892 and 22:1973.

On August 22, 2022, Calcasieu filed suit in state court, entitled *Police Jury of Calcasieu Parish v. Certain Underwriters at Lloyds London, et* al, Civ. Action 2:23-20, and on August 26, 2022, Calcasieu dismissed with prejudice the only two foreign insurers, Certain Underwriters at Lloyd's, London and HDI Global Specialty SE.[6] These Defendants were never served, and the remaining Defendants were served on November 17, 2022.[7] After removal of that suit, Calcasieu filed a Motion to Remand,[8] to which this Court granted remanding that lawsuit to the Fourteenth Judicial District Court.[9] The Court also denied Defendant's Motion to Vacate Notice of Remand, Order on Motion to Remand, Motion for Attorney Fees, Motion for Reconsideration and Motion for Rehearing.[10] Defendants then filed a Notice of Appeal as to the Court's rulings and remand order.[11] Thereafter, Calcasieu filed a motion to dismiss the appeal for lack of jurisdiction, which the Fifth Circuit granted.[12]

---

[5] *Id.*, pp. 12-15, 57.
[6] Civil action 2:23-20, Doc. 16-2.
[7] Civil action 2:23-20, Doc. 16-3.
[8] Civil action 2:23-20, Doc. 16.
[9] Civil action 2:23-20, Doc. 34.
[10] Civil action 2:23-20, Docs. 36 and 38.
[11] Civil action 2:23-2-, Doc. 39.
[12] Civil action 2:23-20, Docs. 40 and 42.

On January 6, 2023, Defendants re-removed this matter to this Court,[13] which was subsequently followed by Defendant's Motion to Compel Arbitration and Stay Proceedings, and thereafter, Plaintiff's Motion to Remand.[14] The basis for the re-removal was the Fifth Circuit's rulings in *Bufkin Enterprises v. Indian Harbor Insurance Co.*, 2024 WL 1262225 (5th Cir. March 26, 2024) and *Indian Harbor Insurance Co. v. Belmont Commons, LLC*, 2024 WL 962376 (5th Cir. March 6, 2024). In *Bufkin*, the Fifth Circuit held that "the arbitration agreement between the parties is subject to the Convention through equitable estoppel, *Id.* at 5, and in *Belmont Commons*, the Fifth Circuit held that the arbitration agreement was enforceable independent of the Convention and equitable estoppel, notwithstanding Louisiana Revised Statute § 22:868.

Calcasieu maintains that the Fifth Circuit's decisions are contrary to the Louisiana Supreme Court ruling in *Creekstone Juban, LLC v. XL Insurance America, Inc*, 282 So.3d 1042 (La. 8/18/19), which prohibits the use of arbitration clauses in policies issued in Louisiana. The Louisiana Supreme Court has recognized that there is a distinction between arbitration and forum selection clauses, and that distinction is impossible if they are synonymous for the purposes of Louisiana Revised Statute 22:868. As noted by Calcasieu the subject arbitration clause Defendants seek to enforce mandates arbitration in New York, applying New York law, and prohibiting any penalties. Calcasieu complains that the

---

[13] Doc. 1.
[14] Doc. 5.

arbitration agreement provides that the only eligible arbitrators are persons employed or engaged in a senior position in insurance underwriting or claims.

In *Belmont, t*he Fifth Circuit observed that "[t]he determinative issue regarding the scope of the carve-out is whether an arbitration clause is considered a 'forum or venue selection clause' under La.R.S. § 22:868(D). The Louisiana Supreme Court has not addressed the question." 2024 WL 962376, at *3 (5th Cir. March 6, 2024).

Louisiana Supreme Court Rule XII entitled "Certified Questions from the Federal Court," provides as follows:

> When it appears to the Supreme Court of the United States, to any circuit court of appeal of the United States, or to any district court of the United States, that there are involved in any proceedings before it questions or propositions of law of this state which are determinative of said cause independently of any other questions involved in said case and that there are no clear controlling precedents in the decisions of the supreme court of this state, such federal court before rendering a decision may certify such questions or propositions of law of this state to the Supreme Court of Louisiana for rendition of a judgment or opinion concerning such questions or propositions of Louisiana law. This court may, in its discretion, decline to answer the questions certified to it or reformulate the question certified.

"[C]ertification may be advisable where important state interests are at stake and the state courts have not provided clear guidance on how to proceed." *Free v. Abbott Labs, Inc.*, 164 F.3d 270, 274 (5th Cir. 1999). This Court has numerous other cases pending concerning these issues and understands that the United States District Court for the Eastern District of Louisiana will also be faced with these same issues. Accordingly, certification will aid in resolving an issue of state law currently impacting many disputes in the state's hurricane recovery.

## QUESTIONS CERTFIED

Upon review of the proposed sets of questions and the relevant briefs in this matter, the Court has determined that the Motion to Certify (Doc. 15) should be **GRANTED**. As such, the Court hereby certifies the following questions of law to the Louisiana Supreme Court under Rule XII, as amended:

> 1. Whether the 2020 amendment adding Subsection D (Act No. 307 § 1 of 2020) to La. R.S. 22:868 to allow forum and venue selection clauses in limited circumstances implicitly repealed Subsection A's long-standing prohibition of arbitration clauses in all insurance policies in Louisiana? *See, e.g., Doucet v. Dental Health Plans Mgmt. Corp.*, 412 So.2d 1383, 1384 (La. 1982).
>
> 2. Whether La. R.S. 9:2778 applies to all contracts with political subdivisions of the State, including insurance contracts, and thereby prohibits venue or arbitration outside of Louisiana or the application of foreign law in claims involving the State and its political subdivisions?
>
> 3. If arbitration continues to be prohibited in all insurance policies delivered or issued for delivery in Louisiana, whether a domestic insurer may resort to equitable estoppel under state law to enforce an arbitration clause in another insurer's policy in contravention of the positive law prohibiting arbitration in La. R.S. 22:868(A)(2); and related, whether estoppel can be applied to political subdivisions without satisfying the distinct and heightened standard otherwise required by the Louisiana Supreme Court for application of estoppel to public bodies? *See Saloom v. Department of Transportation and Development*, 2022-00596, p. 6 (La. 12/9/22), 354 So. 3d 1179, 1183; *Showboat v. Slaughter*, 2000-1227, p. 12 (La. 4/3/01), 789 So. 2d 554, 562; *accord, Nucor v. St. James*, 2021-01814, pp. 5-6 (La. 6/29/22), 346 So. 3d 272, 274, respectively.

The Clerk of Court is directed to transfer this Order along with the related briefs (Docs. 15, 17, and 19) to the Louisiana Supreme Court, under seal of this Court.[15]

---

[15] The Court will be providing a flash/jump drive that includes the entire record in this case including exhibits and attachments. The Court will provide any other additional information requested.

     This Court disclaims any intent that the Louisiana Supreme Court confine its reply to the precise forum or scope of the legal question certified.  The Court retains cognizance of this case pending response from the Louisiana Supreme Court.

     **THUS DONE AND SIGNED** in Chambers on this 9th day of April, 2024.

_____
JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE