## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAKE CHARLES DIVISION

POLICE JURY OF CALCASIEU PARISH    CASE NO.  2:24-CV-00342

VERSUS    JUDGE JAMES D. CAIN, JR.

INDIAN HARBOR INSURANCE CO ET    MAGISTRATE JUDGE DAVID J. AYO
AL

## MEMORANDUM RULING

Before the Court is a "Motion to Remand" (Doc. 17) filed by Plaintiff, Calcasieu

Parish Police Jury ("Calcasieu"); the suit was originally filed in the Fourteenth Judicial

District Court.

Calcasieu maintains that Defendants' removal was untimely. Defendants claimed that there

was federal question jurisdiction under the Convention on the Recognition and

Enforcement of Foreign Arbitral Awards under 9 U.S.C. § 201 *et seq.,* which allows

removal *any time* before trial under 9 U.S.C. § 205. The Court now remands this case to

the Fourteenth Judicial District Court for the following reasons.

## BACKGROUND

The instant lawsuit involves damages to various properties located throughout the

Calcasieu parish boundaries caused by Hurricanes Laura and Delta in August and October

of 2020. Calcasieu obtained a surplus lines insurance policy that allocated named

windstorm coverage among ten separate insurance companies, some of which were foreign

insurers.[1] Calcasieu made a claim on the policies. Calcasieu originally sued the insurers in state court for breach of contract and negligence for allegedly not fully and/or timely paying its insurance claims for the property damage. Shortly thereafter, Calcasieu moved to dismiss the foreign insurers with prejudice, and as such all foreign insurers were dismissed.

In January 2023, Defendants removed the case to the Western District of Louisiana based on federal question jurisdiction, diversity jurisdiction, and 9 U.S.C. § 205, which provides that a defendant may remove a state court case at any time before trial if the case "relates to an arbitration agreement . . . falling under the Convention."[2] The Defendants moved to compel arbitration and to stay the district court proceedings under 9 U.S.C. §§ 3, 4, and 206, explaining that the arbitration provision in the Policy must be enforced under the Convention and also under the FAA.

In February 2023, Calcasieu moved to remand the case to state court, based on Defendant's failure to file their notice of removal within the 30-day removal deadline prescribed under 28 U.S.C. § 1446(b). Defendants responded by explaining that under 9 U.S.C. § 205, a defendant may remove an action that relates to an arbitration agreement falling under the Convention "at any time before . . . trial."

On January 30, 2024, this Court granted Calcasieu's Motion to Remand finding that Defendant's Notice of Removal was untimely, and concluded that each insurer had a separate contract with Calcasieu Prish; there were no foreign parties to those contracts; the

---

[1] Doc. 1-3.
[2] Doc. 1-6, pp. 36-60. Civil Action no. 2:23-0020.

Convention did not apply; there is no federal subject matter jurisdiction; and thus, Defendants' Notice of Removal was untimely.[3]

This Court denied Defendants' Motion to Vacate the remand order and reconsideration, and remanded the case to the state court.[4] Defendants appealed to the Fifth Circuit.[5] Calcasieu filed an Opposed Motion to Dismiss for lack of Jurisdiction and argued that the Fifth Circuit does not have jurisdiction to review the district court's remand decision. The Fifth Circuit granted that Motion on March 15, 2024.[6]

After the case was remanded to the state court, the Fifth Circuit issued its decision in *Bufkin Enters v. Indian Harbor Ins. Co.*, 2024 WL 909600 (5th Cir. Mar.4, 2024), which held that identical arbitration agreements that contained identical policy forms were "subject to the Convention through equitable estoppel," even if the insurers' contracts with the insured are separate contracts. *Bufkin*, 2024 WL 909600 at *2, *5. Based upon this precedent issued by the Fifth Circuit, Defendants removed this matter a second time pursuant to 9 U.S.C. § 205. Hence, the instant lawsuit.

Defendants again moved to compel arbitration and stay the instant proceedings.[7] Thereafter, Calcasieu filed a "Motion to Certify Question to the Louisiana Supreme Court"[8] as to the following:

1. Whether the 2020 amendment adding Subsection D (Act No. 307 § 1 of 2020) to La. R.S. 22:868 to allow forum and venue selection clauses in limited circumstances implicitly repealed Subsection A's long-standing

---

[3] *Id.* Do. 34.
[4] *Id.* Doc. 38.
[5] Doc. 39.
[6] Doc. 40.
[7] Doc. 2.
[8] Doc. 15.

prohibition of arbitration clauses in all insurance policies in Louisiana? *See, e.g., Doucet v. Dental Health Plans Mgmt. Corp.*, 412 So.2d 1383, 1384 (La. 1982).

2. Whether La. R.S. 9:2778 applies to all contracts with political subdivisions of the State, including insurance contracts, and thereby prohibits venue or arbitration outside of Louisiana or the application of foreign law2 in claims involving the State and its political subdivisions?

3. If arbitration continues to be prohibited in all insurance policies delivered or issued for delivery in Louisiana, whether a domestic insurer may resort to equitable estoppel under state law to enforce an arbitration clause in another insurer's policy in contravention of the positive law prohibiting arbitration in La. R.S. 22:868(A)(2); and related, whether estoppel can be applied to political subdivisions without satisfying the distinct and heightened standard otherwise required by the Louisiana Supreme Court or application of estoppel to public bodies? *See Saloom v. Department of Transportation and Development*, 2022-00596, p. 6 (La. 12/9/22), 354 So. 3d 1179, 1183; *Showboat v. Slaughter,* 2000-1227, p. 12 (La. 4/3/01), 789 So. 2d 554, 562; *accord, Nucor v. St. James*, 2021-01814, pp. 5-6 (La. 6/29/22), 346 So. 3d 272, 274 respectively.

The undersigned granted Calcasieu's Motion to Certify by Memorandum Order.[9]

Defendants appealed that Memorandum Order to the Fifth Circuit and Calcasieu moved to dismiss the appeal based on lack of jurisdiction.[10] That motion was granted.[11] Meanwhile, the Louisiana Supreme Court answered the certified questions as follows:

*Question No. 1* –[W]e find La. R.S. 22:868(D) neither expressly nor implicitly repealed Subsection A's prohibition of arbitration clauses in all insurance contracts issued in Louisiana, as the enforcement of such clauses deprives Louisiana courts of jurisdiction. Accordingly, we answer the first certified question in the negative.[12]

*Question No. 2* – [W]e answer this certified question in the affirmative; insurance policies with political subdivisions of this state are public contracts

---

[9] Doc. 22.
[10] Doc. 26.
[11] Doc. 28.
[12] Doc. 34, p. 10.

pursuant to La. R.S. 9:2778, and are, accordingly, subject to the prohibitory provisions therein.[13]

*Question No. 3* - we answer the third certified question in the negative: Since "arbitration continues to be prohibited in all insurance policies delivered or issued for delivery in Louisiana," a domestic insurer may not resort to equitable estoppel under state law to enforce an arbitration clause in another insurer's policy in contravention of the positive law prohibiting arbitration in La. R.S. 22:868(A)(2).[14]

Defendants filed a motion for rehearing with the Louisiana Supreme Court; that motion was denied.[15]

In another matter considered by the undersigned, *Town of Vinton v. Indian Harbor Ins. Co.*, Civ. Action 2:23-240, this Court denied Defendants' Motion to Compel Arbitration based on the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention"), concluding that the Convention applies only when a foreign citizen is a party to the arbitration agreement. Because as in this case, there were no foreign parties to any of the arbitration agreements at issue, the Fifth Circuit affirmed this Court's ruling. The Fifth Circuit held that "[a]n endorsement in the insurance contract here states that the insurance policy is to be treated as a 'separate contract' between the insured and each of the insurer." *Town of Vinton v. Certain Underwriters at Lloyds London, et al* , 161 F.4th 282, 286 (5th Cir. 2025). In so doing, the Fifth Circuit has resolved the dispute on subject-matter jurisdiction grounds, expressly stating that despite circuit precedent, Louisiana law "precludes the use of estoppel to compel arbitration." *Id.* at 288. (explaining how the Louisiana Supreme Court countermanded our court's equitable

---

[13] *Id.* p. 14.
[14] *Id.* p. 17
[15] Doc. 43.

estoppel decision in *Bufkin Enter. v. Indian Harbor Ins. Co.*, 96 F.4th 726 (5th Cir. 2024)). *Police Jury of Calcasieu Parish v. Indian Harbor Ins. Co., et al*, No. 24-30696, 165 F. 4th 907, 909 (January 27, 2026).  As such, the Fifth Circuit in this case has now ruled that subject matter is lacking because there is no foreign party to any arbitration agreement at issue in this case, nor any agreement that falls within the Convention's scope.

As to the instant Motion to Remand, the Court finds that it was untimely filed. Accordingly,

**IT IS ORDERED** that the Motion to Remand is **GRANTED,** and the Clerk is to REMAND this matter to the Fourteenth Judicial District Court.

**THUS DONE AND SIGNED** in chambers on this 20th day of February, 2026.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**